AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>MATEO CAVAS-CICONA<br><br>_Defendant(s)_ | Case No.<br>18-6149-SNOW |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _3/20/2018_ in the county of _Broward_ in the _Southern_ District of _Florida_, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. Section 1326(a) | alien having been previously removed from the United States on or about June 16, 2007, was found in the United States, knowingly and unlawfully, without the Attorney General of the United States or her successor, the Secretary of Homeland Security having expressly consented to such alien's reapplying for admission to the United States; in violation of Title 8, United States Code, Section 1326(a). |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Todd D. Nichols, Border Patrol Agent, CBP
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 3/28/18

_____
Judge's signature

City and state:  Fort Lauderdale, FL

Lurana S. Snow, United States Magistrate Judge
_Printed name and title_

## AFFIDAVIT

I, Todd D. Nichols, being duly sworn, depose and state the following:

1. I am a Border Patrol Agent with the U.S. Border Patrol, Customs and Border Protection (CBP) and have been so employed for approximately six years and eight months. As a Border Patrol Agent, my duties include the detection and interdiction of individuals illegally entering the United States and those aliens who are currently within the United States illegally. My current responsibilities include the investigation of criminal and administrative violations related to the Immigration and Nationality Act and other federal criminal offenses.

2. This affidavit is based on my personal knowledge, as well as information provided to me by others. Because this affidavit is submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint against Mateo CAVAS-Cicona, it does not contain every fact known to me about this matter.

3. On or about March 20, 2018, immigration agents were conducting surveillance near 1991 SR 7, Fort Lauderdale, Florida 33317. At approximately 0630 hours, agents observed CAVAS-Cicona entering an alleyway adjacent to this location. Agents attempted to interview CAVAS-Cicona as to his knowledge of criminal activity in the area. CAVAS-Cicona stated in the Spanish language that he did not speak or understand English. Agents proceeded to interview CAVAS-Cicona in the Spanish language. Agents questioned CAVAS-Cicona as to his citizenship. CAVAS-Cicona stated that he was a citizen of Guatemala and did not have in his possession any documents allowing him to enter or remain in the United States legally. CAVAS-Cicona was placed under arrest for immigration violations and transported to the Immigration Customs Enforcement processing center in Miramar, Florida for records checks and administrative processing.

4. At the processing center, CAVAS-Cicona's fingerprints were submitted into immigration databases which revealed that CAVAS-Cicona was ordered removed on June 6, 2007, near Tucson, Arizona. CAVAS-Cicona was subsequently removed from the United States to Guatemala on June 16, 2007, through Phoenix, Arizona.

5. A search of documents contained in CAVAS-Cicona's alien file and Department of Homeland Security databases did not reveal any evidence of CAVAS-Cicona receiving any authorization to re-enter the United States.

6. WHEREFORE, based upon the foregoing, your Affiant submits that there is probable cause to believe that on or about March 20, 2018, Mateo CAVAS-Cicona, an alien having been previously removed from the United States on or about June 16, 2007, was found in the United States, knowingly and unlawfully, without the Attorney General of the United States or her successor, the Secretary of Homeland Security having expressly consented to such alien's reapplying for admission to the United States; in violation of Title 8, United States Code, Section 1326(a).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Todd D. Nichols, Border Patrol Agent
Customs and Border Protection

Sworn to and subscribed before me
this _28_ day of March, 2018.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE